Benjamin Galdston (SBN 211114)
**BERGER MONTAGUE PC**
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
bgaldston@bm.net

*Attorney for Plaintiffs and the Proposed Classes*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALABAMA DOE and INDIANA DOE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> GILEAD SCIENCES, INC., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..................................................................................1

II.     PARTIES ...............................................................................................3

III.    JURISDICTION AND VENUE ............................................................4

IV.     INTRADISTRICT ASSIGNMENT .......................................................4

V.      THE ONGOING STIGMA OF HIV .....................................................4

VI.     HIV PRIVACY PROTECTIONS ..........................................................6

VII.    GILEAD'S PRIVACY VIOLATIONS...................................................8

VIII.   FACTS REGARDING GILEAD'S ILLEGAL DISCLOSURE OF
        PLAINTIFFS' HIV-RELATED INFORMATION ............................10

IX.     CLASS ACTION ALLEGATIONS .....................................................11

X.      CLAIMS FOR RELIEF .......................................................................13

COUNT I
        Violation Of California Confidentiality Of Medical Information Act
        Cal. Civil Code § 56, *et seq.* On Behalf Of All Plaintiffs And The
        Nationwide Class..................................................................................13

COUNT II
        Violation Of California Unfair Competition Law
        Cal. Bus. Prof. Code § 17200, *et seq.* On Behalf Of
        All Plaintiffs And The Nationwide Class .................................................14

COUNT III
        Negligence On Behalf Of All Plaintiffs And The Nationwide
        Class Or In The Alternative All Statewide Classes .................................15

COUNT IV
        Negligence *Per Se* On Behalf Of All Plaintiffs And The
        Nationwide Class Or In The Alternative All Statewide Classes .............16

COUNT V
        Breach Of Contract On Behalf Of All Plaintiffs And The
        Nationwide Class Or In The Alternative All Statewide Classes .............17

i

COUNT VI
    Invasion Of Privacy On Behalf Of All Plaintiffs And The
    Nationwide Class Or In The Alternative All Statewide Classes .............18

COUNT VII
    Unjust Enrichment On Behalf Of All Plaintiffs And The
    Nationwide Class Or In The Alternative All Statewide Classes .............18

JURY TRIAL DEMANDED..............................................................................19

PRAYER FOR RELIEF .................................................................................19

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

Plaintiffs Alabama Doe and Indiana Doe ("Plaintiffs"), individually and on behalf of the classes defined below ("Class Members"), through their undersigned counsel, bring this Class Action Complaint against Defendant Gilead Sciences, Inc. ("Gilead" or "Defendant").

## I.    <u>INTRODUCTION</u>

1.    Gilead is an American biopharmaceutical company headquartered in Foster City, California, that researches, develops, and commercializes drugs, including drugs used for the treatment and prevention of the human immunodeficiency virus ("HIV") that causes the acquired immunodeficiency syndrome "AIDS." As alleged in more detail below, Gilead recklessly and illegally violated the Plaintiffs' and Class Members' privacy rights by disclosing their confidential HIV-related information. As a result, Plaintiffs and other Class Members have suffered embarrassment, emotional distress, and financial and other damages.

2.    Plaintiffs and Class Members are individuals who are prescribed Gilead's HIV-related medications and enrolled in Gilead's Advancing Access Program.

3.    Gilead's Advancing Access Program provides patient support and a co-pay coupon card to eligible persons who are prescribed its medications, including those taking medications to prevent HIV.

4.    People who do not have HIV and who want to prevent acquisition of HIV take a medication regimen known as pre-exposure prophylaxis ("PrEP"). According to the Centers for Disease Control and Prevention ("CDC"), PrEP is "highly effective at preventing HIV" and "reduces the risk of getting HIV from sex by about 99% when taken daily." *See* CDC, PrEP, available at https://www.cdc.gov/hiv/basics/prep.html.

5.    To enroll in Gilead's Advancing Access Program, Plaintiffs and Class Members completed an enrollment form ("Enrollment Form"), in which

1

they provided Gilead the name and dosage of the Gilead product they were prescribed, along with other personal information such as their mailing address, medical insurance provider, health care prescriber, and diagnosis.

6.    The Enrollment Form contains a section titled "Patient Confidentiality" that states: "**Patient confidentiality is of primary importance to us. All patient information will remain confidential**." (Emphasis added.)

7.    Despite this promise of confidentiality, in or around April 2020, Gilead's "HIV Prevention Team" sent Plaintiffs and Class Members who enrolled in the Advancing Access Program a one-page letter titled "The Latest from Gilead Sciences" ("HIV Prevention Team Letter"). As shown in the photograph below, the letter was sent in an envelope which stated the name and address of the recipient. On the outside of the envelope, in large, red font, was the return address: "HIV Prevention Team, 1649 Adrian Road, Burlingame, CA 94010." The words "**HIV Prevention Team**" were in a larger font than the mailing address causing it to stand out in relation to the address.



CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

The envelope also had a banner in large, red font reading: "The latest from Gilead Sciences."

8.      People living with HIV, people at risk for HIV, and people taking medications to prevent HIV acquisition face extreme stigma. In fact, stigma is widely recognized as a driver of the HIV epidemic. *See* The People Living With HIV Stigma Index, at http://www.stigmaindex.org/.

9.      In order to ensure that people feel safe enough to come forward to be tested and treated for HIV, 39 states have enacted statutes that protect the confidentiality of a person's HIV-related information. HIV-related information includes, among other things, whether a person is taking medications to treat or prevent HIV.

10.     Gilead's actions, as described herein, carelessly, recklessly, negligently, and impermissibly revealed confidential HIV-related information of patients who were prescribed Gilead medications, including to their family, friends, roommates, landlords, neighbors, mail carriers, and complete strangers. This action seeks redress against Gilead for its unlawful exposure of Plaintiffs' and Class Members' confidential HIV-related information. Plaintiffs also seek injunctive and declaratory relief, including an order requiring Gilead to cease disclosing—and implement appropriate policies and procedures to protect the confidentiality of—confidential HIV-related information.

## II.   **<u>PARTIES</u>**

11.     To protect their privacy, all Plaintiffs are proceeding under pseudonyms.[1]

---

[1] Plaintiffs will file a motion to proceed anonymously pursuant to the standards set forth in *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Courts have recognized that HIV status is entitled to protection from disclosure. *Doe v. City & Cty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982 (N.D. Cal. Apr. 27, 2017); *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001).

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

12. Plaintiff Alabama Doe is a resident of Alabama. At all relevant times herein, Plaintiff Alabama Doe was prescribed Gilead's HIV-related medications and was enrolled in Gilead's Advancing Access Program.

13. Plaintiff Indiana Doe is a resident of Indiana. At all relevant times herein, Plaintiff Indiana Doe was prescribed Gilead's HIV-related medications and was enrolled in Gilead's Advancing Access Program.

14. Defendant Gilead Sciences, Inc. is a Delaware corporation with its worldwide corporate headquarters located in Foster City, California.

## III.   JURISDICTION AND VENUE

15. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) of the Class Action Fairness Act because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least 100 members of each of the proposed Classes, and at least one member of the proposed Classes is a citizen of a different state from Gilead.

16. Venue is proper in this District as Gilead is headquartered in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV.   INTRADISTRICT ASSIGNMENT

17. Pursuant to L.R. 3-5(a), venue is proper in the San Francisco or Oakland Division.

## V.   THE ONGOING STIGMA OF HIV

18. Since HIV first entered the public consciousness as an ongoing public health crisis in the early 1980s, people living with HIV have been subjected to social stigma and discrimination. The stigma of HIV is so pervasive that it affects people living with HIV, people at risk for HIV, and people taking HIV medications for prevention.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

19.    HIV-related stigma has a debilitating effect on people living with HIV. The People Living with HIV Stigma Index is an international research project spearheaded by the Global Network of People Living with HIV, launched in 2008 to measure and detect changing trends in relation to stigma and discrimination experienced by people living with HIV. *See* The People Living With HIV Stigma Index, at http://www.stigmaindex.org/. While the U.S. study is ongoing, the data from Michigan reveals sobering levels of HIV-related stigma in the daily lives of Americans with HIV. For example, nearly 73% of participants experienced at least 1 of 11 forms of exclusion, stigma or discrimination, including gossip, rejection by family or friends, exclusion from religious organizations, or verbal and/or physical harassment. *See* UNIFIED-HIV Health and Beyond, The U.S. People Living with HIV Stigma Index: Michigan, Wave I Findings, 2014-2016, at 30.

20.    As recently as 2012, more than half of Americans still reported they felt some discomfort with people with HIV. *See* Henry J. Kaiser Family Foundation, The Washington Post/Henry J. Kaiser Family Foundation 2012 Survey of Americans on HIV/AIDS (July 2012).[2] In a national survey, 52% of respondents indicated they would be less than "very comfortable" working with someone with HIV. *Id.* The same survey found many Americans with misconceptions about how HIV is transmitted. *Id.*

21.    A survey conducted in 2015 by the Kaiser Family Foundation found that 75% of survey respondents from Georgia believed that people living with HIV suffer from a lot or some stigma and discrimination. *See* Henry J. Kaiser Family Foundation, The Public Attitudes and Knowledge about HIV/AIDS in Georgia (Nov. 2015).[3] Only 20% of respondents said that they

---

[2]    Available at http://kff.org/hivaids/poll-finding/2012-survey-of-americans-on-hivaids.

[3]    Available at http://www.kff.org/hivaids/poll-finding/public-attitudes-and-knowledge-about-hivaids-in-georgia/.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

would be very comfortable personally with having their food prepared by someone who is living with HIV, and only 30% said they would be very comfortable having a roommate who is living with HIV. *Id.* Only 8% of individuals said that they would be very or somewhat comfortable being in a sexual relationship with someone who is living with HIV. *Id.*

22.    In addition, stigma often prevents people living with HIV from being able to turn to their families for support. The same Georgia survey found that 91% of Georgians agree that having the support of family and loved ones is "very important" to the health and well-being of people living with HIV. Yet, comparatively only 38% say most people living with HIV in the state get that support (44% say most do not and 18% do not know). *Id.*

23.    "[F]ear of stigmatization" has reduced motivation of those at risk for HIV to "seek or sustain" PrEP use.[4]

## VI.    HIV PRIVACY PROTECTIONS

24.    To ensure that people feel safe to come forward to be tested and treated for HIV, most states have enacted laws that protect the confidentiality of a person's HIV-related information.

25.    Thirty-nine states have either HIV-specific privacy statutes or general privacy provisions that expressly mention HIV. The remaining states may protect its confidentiality under other statutes or provisions. *See* Electronic Privacy Information Center, Lawrence O. Gostin, Legislative Survey of State Confidentiality Laws, with Specific Emphasis on HIV and Immunization, available at https://epic.org/privacy/medical/cdc_survey.html.

---

[4] Sarah K. Calabrese & Kristen Underhill, *How Stigma Surrounding the Use of HIV Preexposure Prophylaxis Undermines Prevention and Pleasure: A Call to Destigmatize "Truvada Whores*," Am. J. Publ. Health (Oct. 2015), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4566537/.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

26. Federal laws, such as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), were also enacted to protect the privacy that individuals expect to have in regard to their sensitive medical information.

27. The problem of reckless disclosure of critical private medical information resulting from commercial mailings has continued despite these protections.

28. In 2017, in a highly publicized incident, health insurer Aetna, utilizing a mail vendor, sent a mailing to over 12,000 of its insureds taking HIV medications using a large-windowed envelope through which a portion of Aetna's letter to its customers was plainly visible. The visible portion of the letter that could be viewed through the windowed envelope stated, "[t]he purpose of this letter is to advise you of the options…Aetna health plan when filling prescriptions for HIV Medic…"

29. Aetna was sued in numerous federal lawsuits and resolved the matter through a nationwide class action settlement that was approved by the United States District Court for the Eastern District of Pennsylvania and provided over $17 million in relief to the Settlement Class Members. *See Beckett, et al. v. Aetna, Inc.*, No. 17-cv-3864 (E.D. Pa.). Some of the undersigned counsel, including Shanon Carson, Sarah R. Schalman-Bergen, and John Albanese of Berger Montague, and Ronda B. Goldfein, Yolanda French Lollis, and Adrian M. Lowe of the AIDS Law Project of Pennsylvania, were appointed as Co-Lead Counsel for the Settlement Class in the *Aetna* litigation.

30. In 2017, CVS sent out a mailing to over 6,000 individuals in Ohio which used the code "HIV" in the visible glassine window. That matter was resolved for $4.4 million in a class action settlement. *See Doe One, et al. v. CVS Health Corp., et al.*, No. 2:18-cv-00238 (S.D. Ohio).

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

31.     Despite these recent prominent examples of HIV-related privacy breaches through the mail, Gilead recklessly used the return address "HIV Prevention Team" on the envelope, wrongfully disclosing the letter recipients' confidential HIV-related information.

## VII.    GILEAD'S PRIVACY VIOLATIONS

32.     Gilead manufactures drugs used for the treatment and prevention of HIV, including Truvada and Descovy. Truvada and Descovy are the only drugs available for PrEP in the United States. Truvada has been on the market since 2004 and Descovy was approved for sale in the United States in October 2019. These drugs are very expensive. Truvada has a list price of $20,000 per year, and Gilead makes billions of dollars per year from selling its PrEP medications.

33.     Gilead's Advancing Access Program provides a co-pay coupon card for eligible patients who need financial assistance to pay for their medications.

34.     To enroll in the Advancing Access Program, patients are required to fill out an Enrollment Form.[5] On the Enrollment Form, Gilead states: "**Patient confidentiality is of primary importance to us. All patient information will remain confidential**." (Emphasis added.)

35.     The Enrollment Form provides Gilead with a limited authorization to obtain the patient's personal information from the patient's healthcare provider. The authorization provides that the personal information may be disclosed to "Gilead, including the third-party administrator responsible for the administration of the Program and [Patient Assistance Program/Medication Assistance Program]." The authorization does not permit the patient's personal information to be disclosed to anyone else.

---

[5] https://services.gileadhiv.com/content/pdf/gilead_enrollment_form.pdf.

-8-

36.     Gilead entices the Advancing Access Program patients to "opt-in" to authorize the disclosure of their personal HIV-related information by promising to comply with the company's Privacy Statements. Gilead does not require all patients to "opt-in" to the authorization in order to enroll in the Advancing Access Program.

37.     Despite the strict limits of the authorization and Gilead's promise to respect confidentiality, Gilead sent the HIV Prevention Team Letter in an envelope with a return address in large, red font indicating that the letter was from an HIV Prevention Team. The HIV Prevention Team's name, along with the recipient's name and address, were clearly visible from the face of the envelope to anyone who came into contact with the mail.

38.     The envelope contained a one-page letter titled "The Latest from Gilead Sciences" ("HIV Prevention Team Letter"), stating:

> When you signed up for the Gilead Advancing Access Co-pay Coupon Program or the Gilead Advancing Access Patient Support Program, you also opted into receiving marketing messages about the latest news from Gilead Sciences.
>
> Over the coming months, we'll be sharing news about HIV prevention, product information, and other updates via email. If you would like to receive these emails, you can sign up by visiting the website or scanning the code below with your smartphone camera . . .
>
> Sincerely,
>
> Your HIV Prevention Team at Gilead

39.     Gilead recklessly failed to ensure that the highly sensitive information that Plaintiffs and Class Members entrusted to Gilead was not illegally disclosed.

40.     Gilead easily could have avoided the disclosure of this private information by using a return address that did not identify the sender as the HIV Prevention Team.

-9-

41.     As described below, Plaintiffs and Class Members have been harmed by Gilead's reckless exposure of Plaintiffs' and Class Members' HIV-related information.

## VIII. FACTS REGARDING GILEAD'S ILLEGAL DISCLOSURE OF PLAINTIFFS' HIV-RELATED INFORMATION[6]

42.     All Plaintiffs and Class Members received Gilead's HIV Prevention Team Letter, which was sent by and at the direction of Gilead.

43.     Plaintiff Alabama Doe highly values his privacy. He is careful to avoid disclosing his sexual orientation or sexual practices with others and has not disclosed his sexual orientation to his family. He enrolled for the Advancing Access Program over the phone and gave his workplace address, in order to avoid having any mail sent to his home. His workplace has a mailroom and employs people to sort mail. He was appalled when he walked into the mail room and found the envelope with the "HIV Prevention Team" return address. The envelope was accessible to anybody who came into the mail room. Plaintiff Alabama Doe is worried and concerned about who may have seen the mail. He is angry and upset about Gilead's careless disregard for his privacy.

44.     Plaintiff Indiana Doe is extremely guarded about his privacy. He is careful to avoid disclosing his sexual orientation or sexual practices with others. In order to avoid inadvertently revealing to others that he is concerned with HIV prevention, he sees a specialist for his PrEP prescription and fills his prescriptions for PrEP at a different pharmacy chain than all his other drugs. He was appalled when he received the HIV Prevention Team Letter as it revealed in plain view that he is concerned with HIV prevention. Plaintiff Indiana Doe feels vulnerable and is worried about who may have seen the mail.

---

[6] Each of the Named Plaintiffs is a proposed Class Representative for the state law class(es) in which they reside.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

He is angry about Gilead's careless disregard for his privacy.

45. Plaintiffs and Class Members have suffered and will continue to suffer embarrassment, humiliation, frustration, anxiety, emotional distress, and fear, and are at increased risk for losing employment, housing, access to health care, and even violence or other trauma as a result of the disclosure of their HIV-related information.

46. Plaintiffs and Class Members suffered a loss of value in their confidential personal information when the envelope from the HIV Prevention Team was sent to their mailing address.

47. Plaintiffs and Class Members have suffered and are entitled to damages for the lost benefit of their bargain with Gilead. Plaintiffs and Class Members provided Gilead with their confidential personal information when they enrolled in Gilead's Advancing Access Program. Their signed enrollment forms authorized Gilead to use their personal information for its internal business purposes and to send them marketing information related to their medical condition. The lost benefit of the bargain is measured by the difference between the value of what Plaintiffs and Class Members should have received when they enrolled in Gilead's Advancing Access Program, and the value of what they did receive: marketing information without adequate privacy safeguards.

## IX. CLASS ACTION ALLEGATIONS

48. Plaintiffs bring this action individually and on behalf of the following nationwide class and statewide classes defined below (together, the "Classes"):

> *Nationwide Class*. All persons who received Gilead's HIV Prevention Team Letter at their United States mailing address.
> *Alabama Class.* All persons who received Gilead's HIV Prevention Team Letter at their Alabama mailing address.
> *Indiana Class.* All persons who received Gilead's HIV Prevention Team Letter at their Indiana mailing address.

-11-

49.     The claims of the Indiana Class Members and Alabama Class Members are brought in the alternative in the event that the Court determines that California law (as Gilead is headquartered in California) does not apply to all Class members.

50.     The members of the Classes are so numerous that the joinder of all members is impractical. The recipients of Gilead's HIV Prevention Team Letters are easily and quickly ascertained from Gilead's records. Thus, the proposed Classes are ascertainable.

51.     There are questions of fact and law common to the Classes as all members of the Classes were subject to the same conduct under the same factual circumstances. Common questions of law and fact include:

    a.     whether Gilead violated the confidentiality of applicable medical information statutes;

    b.     whether Gilead had a duty to use reasonable care to safeguard Class Members' private information;

    c.     whether Gilead breached the duty to use reasonable care to safeguard Class Members' medical information;

    d.     whether Gilead breached its contractual promise to safeguard Class Members' medical information;

    e.     whether Gilead was negligent *per se* in not complying with federal and state privacy laws;

    f.     whether Gilead violated state unfair and deceptive practices acts; and

    g.     The proper measure of damages.

52.     Plaintiffs' claims are typical of those of the members of the Classes they seek to represent because Plaintiffs suffered the same breach of privacy as that of Class Members.

53.     Plaintiffs will fairly and adequately protect the interests of the

-12-

Classes and have hired experienced counsel that are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the Classes.

54.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Gilead has acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

55.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Gilead's conduct described in this Complaint stems from a common course of conduct. Members of the Classes do not have an interest in pursuing separate actions against Gilead, as the amount of each Class Member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Gilead's practices. Moreover, the management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single forum.

## X.    CLAIMS FOR RELIEF

### COUNT I

**Violation Of California Confidentiality Of Medical Information Act**
**Cal. Civil Code § 56,** *et seq.*
**On Behalf Of All Plaintiffs And The Nationwide Class**

56.    Plaintiffs reallege and incorporate by reference the preceding allegations.

-13-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

57.     Gilead is a pharmaceutical company as defined in Cal. Civil Code § 56.05(l).

58.     Gilead disclosed and released without authorization or legal basis medical information regarding Plaintiffs and Class Members in violation of Cal. Civil Code § 56.102.

59.     Plaintiffs and Class Members have been harmed by Gilead's willful and unauthorized disclosure and release of their personal medical information.

60.     Plaintiffs and Class Members seek relief under Cal. Civil Code § 56.36, including but not limited to, actual damages, nominal damages of $1,000, civil penalties, injunctive relief and attorneys' fees and costs.

## COUNT II

**Violation Of California Unfair Competition Law**
**Cal. Bus. Prof. Code § 17200,** *et seq.*
**On Behalf Of All Plaintiffs And The Nationwide Class**

61.     Plaintiffs reallege and incorporate by reference the preceding allegations.

62.     Gilead engaged in unlawful, unfair or fraudulent, and deceptive acts and practices with respect to the sale and advertisement of the services purchased by Plaintiffs and Class Members, in violation of Cal. Business and Professions Code § 17200, *et seq*., including by representing that Gilead would adequately protect Plaintiffs' and Class Members' confidential medical information from unauthorized disclosure and release. These injuries outweigh any benefits to consumers or to competition.

63.     The above unfair and deceptive practices and acts by Gilead were immoral, unethical, oppressive, and unscrupulous.

64.     Gilead knew or should have known that sending the HIV Prevention Team Letter in the fashion in which it was sent was inadequate to safeguard Plaintiffs' and the Class Members' medical information.

65.    Gilead's actions were negligent, knowing, and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and Class Members.

66.    As a direct and proximate result of Gilead's deceptive acts and practices, Plaintiffs and Class Members suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of their legally protected interest in the confidentiality and privacy of their personal information.

67.    Plaintiffs and Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et seq.*, including, but not limited to injunctive relief, restitution, and attorneys' fees and costs.

## COUNT III

### Negligence
### On Behalf Of All Plaintiffs And The Nationwide Class
### Or In The Alternative All Statewide Classes

68.    Plaintiffs reallege and incorporate by reference the preceding allegations.

69.    Gilead owed duties of care to protect the disclosure of Plaintiffs' and Class Members' private medical information. Plaintiffs and Class Members entrusted their private medical information to Gilead.

70.    Gilead knew or should have known of the risks inherent in disseminating highly personal and confidential, HIV-related medical information of Plaintiffs and Class Members in the manner set forth herein.

71.    Gilead owed duties of care to Plaintiffs and Class Members because Plaintiffs and Class Members were foreseeable and probable victims of negligent mailing practices that involved their confidential medical information.

72.    By allowing its HIV Prevention Team Letter to be sent in an envelope with a large, red font return address from the "HIV Prevention Team," Gilead breached its duties to Plaintiffs and Class Members by failing

-15-

to exercise reasonable care in protecting Plaintiffs' and the Class Members' medical information.

73.    As a direct result of Gilead's negligence and/or negligent supervision, Plaintiffs and Class Members have suffered or will suffer damages, including embarrassment, humiliation, frustration, anxiety, emotional distress, and fear, and are at increased risk for losing employment, housing, access to health care, and even violence or other trauma.

## COUNT IV

### Negligence *Per Se*
### On Behalf Of All Plaintiffs And The Nationwide Class
### Or In The Alternative All Statewide Classes

74.    Plaintiffs reallege and incorporate by reference the preceding allegations.

75.    Pursuant to HIPAA (42 U.S.C. § 1320d, *et seq.*), Gilead had a duty to implement reasonable safeguards to protect Plaintiffs' and Class Members' medical information.

76.    Pursuant to Cal. Civil. Code. § 56.102 and Cal. Health & Safety Code § 120980, Gilead had a duty to Plaintiffs and Nationwide Class Members to not disclose and to safeguard their confidential HIV-related medical information.

77.    Gilead breached its duties to Plaintiffs and Class Members under the aforementioned statutes by allowing its HIV Prevention Team Letter to be sent to Plaintiffs' and Class Members' mailing addresses in a manner that disclosed their confidential HIV-related information.

78.    Gilead's failure to comply with applicable laws and regulations constitutes negligence *per se*.

79.    But for Gilead's negligent breach of its duties and/or negligent supervision, Plaintiffs and the Class Members would not have been injured.

80.    The injury and harm suffered by Plaintiffs and the Class Members

-16-

was the reasonably foreseeable result of Gilead's breach of its duties. Gilead knew or should have known that it was failing to meet its duties, and that Gilead's breach would cause Plaintiffs and Class Members to experience the foreseeable harms associated with the exposure of their confidential medical information.

81.    As a direct and proximate result of Gilead's negligent conduct and/or negligent supervision, Plaintiffs and Class Members have been injured and are entitled to damages.

## COUNT V

**Breach Of Contract**
**On Behalf Of All Plaintiffs And The Nationwide Class**
**Or In The Alternative All Statewide Classes**

82.    Plaintiffs reallege and incorporate by reference the preceding allegations.

83.    Plaintiffs and Class Members who enrolled in Gilead's Advancing Access Program entered into binding and enforceable contracts with Gilead, supported by consideration including Plaintiffs' and Class Members' disclosure to Gilead of their personal health information for Gilead to use for internal business purposes and to send marketing material.

84.    Gilead stated on the Enrollment Form that it would keep Plaintiffs' and Class Members' personal health information confidential.

85.    It was a violation of Gilead's privacy policy as stated on the Enrollment Form to disclose Plaintiffs' and Class Members' confidential HIV-related information in the manner described above.

86.    As a result of Gilead's breach of contract, Plaintiffs and Class Members did not receive the full benefit of the bargain. Instead, they received services provided by Gilead's Advancing Access Program that became less valuable than Gilead advertised when Gilead provided those services without adequate privacy safeguards.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

## COUNT VI

**Invasion Of Privacy**
**On Behalf Of All Plaintiffs And The Nationwide Class**
**Or In The Alternative All Statewide Classes**

87.     Plaintiffs reallege and incorporate by reference the preceding allegations.

88.     Gilead published private facts about Plaintiffs and Class Members by sending Plaintiffs and Class Members envelopes with a large, red font return address from its "**HIV Prevention Team**" to their mailing addresses.

89.     The disclosure of confidential HIV-related information, especially information indicating a need for HIV prevention or treatment, would be offensive to a reasonable person of ordinary sensibilities.

90.     The fact that Plaintiffs and Class Members are receiving information from an HIV Prevention Team is not a matter of legitimate public concern.

91.     As a direct and proximate result of Gilead's conduct, Plaintiffs and Class Members have been injured and are entitled to damages.

## COUNT VII

**Unjust Enrichment**
**On Behalf Of All Plaintiffs And The Nationwide Class**
**Or In The Alternative All Statewide Classes**

92.     Plaintiffs reallege and incorporate by reference the preceding allegations.

93.     Plaintiffs and Class Members conferred a monetary benefit on Gilead in the form of amounts paid for HIV drugs.

94.     Gilead appreciated or had knowledge of the benefits conferred upon it by Plaintiffs and Class Members.

95.     The amounts that Plaintiffs and Class Members paid to Gilead should have been used, in part, to pay for the administrative costs of reasonable

privacy safeguards.

96.    As a result of Gilead's conduct, Plaintiffs and Class Members suffered actual damages in an amount equal to the difference in value with an Advancing Access Program with reasonable privacy safeguards, and an Advancing Access Program without reasonable privacy safeguards.

97.    Under principals of equity and good conscience, Gilead should not be permitted to retain the excess funds paid by Plaintiffs and Class Members.

98.    Gilead should be compelled to disgorge into a common fund for the benefit of Plaintiffs and Class Members all inequitable proceeds received by Gilead.

## JURY TRIAL DEMANDED

99.    Plaintiffs, individually and on behalf of the Classes, demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, seek the following relief:

a.    Determining that this action may proceed as a class action under Fed. R. Civ. P. 23 on behalf of the Classes;

b.    Designating Plaintiffs as the class representatives for the Classes;

c.    Designating Plaintiffs' undersigned counsel as counsel for the Classes;

d.    Issuing proper notice to the Classes at Gilead's expense;

e.    Declaring that Gilead committed the violations of law set forth above;

f.    Ordering appropriate injunctive relief, including cessation of the HIV Prevention Team Letters and implementation of appropriate policies and procedures to protect the

-19-

1    confidentiality of HIV-related information;

2    g.    Awarding damages, including statutory and/or punitive
3          damages;

4    h.    Awarding reasonable attorneys' fees and costs and expenses;
5          and

6    i.    Granting other and further relief, in law or equity, as this Court
7          may deem appropriate and just.

8    Dated:  May 21, 2020                    Respectfully submitted,
9

10                                           By:  */s/ Benjamin Galdston*
                                             Benjamin Galdston (SBN 211114)
11                                           **BERGER MONTAGUE PC**
                                             12544 High Bluff Drive, Suite 340
12                                           San Diego, CA 92130
                                             Tel: (619) 489.0300
13                                           bgaldston@bm.net
14

15                                           Shanon J. Carson (PA 85957)*
                                             Sarah R. Schalman-Bergen
16                                           (PA 206211)*
17                                           **BERGER MONTAGUE PC**
                                             1818 Market Street, Suite 3600
18                                           Philadelphia, PA 19103
                                             Tel: (215) 875-4656
19                                           scarson@bm.net
20                                           sschalman-bergen@bm.net
21

22                                           John Albanese*
                                             **BERGER MONTAGUE PC**
23                                           43 SE Main Street, Suite 505
24                                           Minneapolis, MN 55414
                                             Tel: (612) 594-5997
25                                           emdrake@bm.net
26                                           jalbanese@bm.net
27                                           Ronda B. Goldfein (PA 61452)*
28                                           Yolanda French Lollis (PA 65148)*

-20-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Adrian M. Lowe (PA 313614)*
**AIDS LAW PROJECT OF
PENNSYLVANIA**
1211 Chestnut Street, Suite 600
Philadelphia, PA 19107
Tel: (215) 587-9377
goldfein@aidslawpa.org
alowe@aidslawpa.org
lollis@aidslawpa.org

John J. Grogan*
David A. Nagdeman*
**LANGER, GROGAN & DIVER PC**
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
jgrogan@langergrogan.com
dnagdeman@langergrogan.com

*pro hac vice forthcoming*

*Attorneys for Plaintiffs and the
Proposed Classes*

-21-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND